CARROLL J. DeCOTEAU, Associate Justice.

Procedural History and Brief Factual Background

A warrant for the arrest of Irvin Olson Sr. was issued on April 1, 1998, charging him with Simple Assault, a violation of Title III CCOJ § 215. Later that day tribal police Captain Dale Headdress observed Irvin driving a maroon Toyota. Officer Headdress obseiwed the vehicle parked on the north side of the Log Cabin Bar on Santee Ave. in Poplar, Mt. Irwin Olson was sitting behind the wheel, Officer Headdress told Irwin he had a warrant for his arrest. Irwin fled on foot to the east door of Log Cabin bar and went inside. He then exited the same door and ran south toward A street. Irwin voluntarily surrendered to authorities on April 6, 1998. At his arraignment on April 7, 1998, Irvin was charged with Escape, a violation of Title III CCOJ, § 412, a felony.
A jury trial on both the assault and escape charges was held October 21,1998, resulting in a split verdict of guilty on the charge of escape and an acquittal on the charge of simple assault. The Public Defender appealed the conviction for escape on October 22, 1998, and was granted a stay of sentence by the Tribal Court. Both parties elected to rely on the Tribal Court record. Oral arguments were heard by the Court of Appeals on May 21, 1999.

Discussion

Whether the facts support a felony charge of escape or a Class A misdemeanor charge of resisting arrest?
The facts in this case are not in dispute. The dispute hinges upon whether the “escape” or the “resisting arrest” statute applies to the facts. The Tribes contend that the element of official detention, as required under § 412[1], was satisfied, citing the definition of “official detention” as “restraining a person for some official purpose by establishing control over the person ... ”. The officer had Irvin “... in physical control, by the arm.[2]” The appellant argues that “official detention” does not occur until the defendant is booked and detained at the tribal jail. We cannot agree with either argument.
18 U.S.C. § 2246, defines official detention as;
(5) the term “official detention” means-(A) detention by a Federal officer or employee, or under the direction of a Federal officer or employee, following arrest for an offense; following surrender in lieu of arrest for an offense; following a charge or conviction of an offense, or an allegation or finding of juvenile delinquency; following commitment as a material witness; following civil commitment in lieu of criminal proceedings or pending resumption of *139 criminal proceedings that are being held in abeyance, or pending extradition, deportation, or exclusion.
We contend that Irvin Olson was not under arrest simply by having been so informed by the police officer. An arrest is defined as any act that indicates an intention to take a person into custody and that same act subjects the person arrested to the actual control and will of the person making the arrest. Commonwealth v. White, 543 Pa. 45, 54, 669 A.2d 896, 901 (1995). For Irvin to be in official detention, he had to be under arrest and to be considered under arrest the officer must establish actual control of the arrestee. Under the facts in this case, Officer Headdress did not establish the requisite control. Nor did Irvin submit to the will of the officer. Therefore, the facts herein do not comport with the elements of “official detention”, which in turn, is needed to justify a guilty verdict for escape.

Conclusion

The complaint charging the defendant with the offense of Escape, a violation of the Fort Peck Comprehensive Code, Title III, Section 412, fails to state a cause of action. The jury verdict of “guilty” is set aside and the matter is remanded to the Tribal Court. The Tribal Court shall submit the matter to the Tribal Prosecutor’s office for determination as to whether it is appropriate to file the lesser charge of resisting arrest, a violation of the Fort Peck Comprehensive Code, Title III, Section til[3], or any other violation of the CCOJ,
CONCUR: GARY P. SULLIVAN, Chief Justice and GARY M. BEAUDRY, Associate Justice.

. Sec. 412. Escape.
A person who unlawfully removes himself/herself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period is guilty of escape. Official detention does not include supervision of probation or parole, or constraint incidental to release on bail. Escape is a felony.

. Transcript of jury trial, 10-21-98. Testimony of Captain Headdress, line 21, page 17

. Sec. 41 1. Resisting arrest.
Whoever, with intent to prevent a law enforcement officer from effecting an arrest:
(a) (lees from a law enforcement officer after being told by an officer that he/she is under arrest; or
(b) creates a substantial risk of bodily harm to the officer or any other person, or employs means justifying substantial force to overcome the resistance is guilty of resisting arrest. The Court in its discretion may require the guilty defendant to make restitution to the police officer for property of the officer that was damaged as the result of the defendant’s resistance.
A person is guilty of an offense under this Section regardless of whether the arrest resisted is lawful or unlawful; but clearly excessive force may be resisted.
Resisting arrest is a Class A misdemeanor.